# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BERGE, ET. AL, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 10-373 (RBW) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ET. AL, ) | |
| ) | |
| Defendants. ) | |

**Defendants' Motion to Dismiss Or, In the Alternative, to Hold This Action in Abeyance**

Defendants United States of America, the U.S. Department of Defense, the TRICARE Management Activity within the Department of Defense, and Secretary of Defense Robert Gates, by and through undersigned counsel, hereby move this Court to dismiss this action without prejudice or, in the alternative, hold this action in abeyance while the matter is remanded to the Department of Defense for further consideration.

Dated: June 22, 2010

Respectfully submitted,
TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney for the District of Columbia

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

_/s/_____
ADAM D. KIRSCHNER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address

        P.O. Box 883
        Washington, D.C., 20044
        <u>Delivery Address</u>
        20 Massachusetts Ave., NW., Room 7126
        Washington, DC 20001
        Telephone: (202) 353-9265
        Fax: (202) 616-8470
        Adam.Kirschner@usdoj.gov

        COUNSEL FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH BERGE, ET. AL, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 10-373 (RBW) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ET. AL, ) | |
| ) | |
| Defendants. ) | |

**Defendants' Memorandum In Support of Their Motion to Dismiss**
**Or, In the Alternative, to Hold This Action In Abeyance**

Plaintiffs have brought their claims pursuant to Administrative Procedure Act ("APA"). The threshold requirement for any APA claim is whether there has been final agency action. Plaintiffs cannot meet this threshold requirement. Defendants have reopened the underlying adjudication that forms the basis of Plaintiffs' claims. Specifically, Defendants have reopened the adjudication to determine whether Applied Behavior Analysis ("ABA") is a covered benefit under the TRICARE/CHAMPUS Basic Program, a medical benefits program administered by the Department of Defense. Although Plaintiffs claim that the Department of Defense has consistently denied coverage for ABA, the Department of Defense has never made any such formal policy determination and seeks to make such a determination through a reopening of Plaintiffs' adjudication. Without there being any final determination on Plaintiffs' claim for reimbursement for ABA therapy, there has been no final agency action and Plaintiffs' claims must be dismissed. Even if this Court determines there to be final agency action, Defendants seek the opportunity to consider whether ABA should be covered and, accordingly, seek to have

this action held in abeyance while the matter is remanded to the Department of Defense for further consideration.

**BACKGROUND**

This action concerns a challenge to a denial of reimbursement by a contractor of the TRICARE Management Activity ("TMA") for ABA treatment for plaintiffs' dependent's autism. *See* Plaintiffs' Complaint, Ex. 1 (attached hereto as Attachment A).[1]  TMA is the field activity within the Department of Defense that administers the TRICARE Basic Program that is available to, among others, retired service members and dependents of both active duty and retired service members. Pursuant to 10 U.S.C. § 1086, retirees and their dependents are eligible for TRICARE'S Basic Program, which "is similar to private insurance programs." *See* 32 C.F.R. § 199.4(a). Retirees and their dependents, however, are not eligible for TRICARE'S Extended Care Health Option ("ECHO"). *See* 10 U.S.C. § 1079(d).

In denying Plaintiffs' request for reconsideration of the earlier denial of reimbursement for ABA, TMA's contractor stated that "ABA therapy cannot be authorized unless the beneficiary is enrolled in the ECHO program." *See* Attachment A at 3. The contractor thus denied authorization for the "requested ABA therapy services" because "the sponsor is retired and therefore the beneficiary is not eligible for the ECHO program." *See id*. The decision, however, never addressed whether ABA is covered under the Basic Program. The Berges never sought further review of that decision made at the contractor level and, thus, TMA did not have the opportunity to address the Berges' claim.

---

[1] Plaintiffs' exhibit cut off the last couple of pages of the letter that identified the Plaintiffs' appeal rights. The full document is attached to this memorandum.

- 2 -

In accordance with 32 C.F.R. § 199.10(a)(1)(ii), TMA has reopened Plaintiffs' claim for reimbursement for ABA therapy. *See* TMA Reopening of the Denial of Zachary Berge's ABA Claim dated June 22, 2010 ("TMA Reopening Letter"), attached hereto as Attachment B. When TMA reopens a decision, the previous decision is not considered final as it is still under further review. *See* 32 C.F.R. § 199.10(a)(1)(ii) ("[t]he initial determination is final unless appealed in accordance with this chapter, or **unless the initial determination is reopened by [TMA]**, the CHAMPUS contractor, or the CHAMPUS peer review organization") (emphasis added).

The Berges' claim for reimbursement has been reopened by the TMA Appeals office at the Formal Review stage of review. *See id.* That way the revised initial determination will be made at the agency level whereas the earlier adjudications that form the basis of Plaintiffs' complaint were done at the contractor level. Formal reviews are to be "performed by the Chief, Office of Appeals and Hearings," for TMA,[2] "or a designee." *See* 10 C.F.R. § 199.10(c)(2). In accordance with its regulations, the TMA Appeals office "anticipates issuing its decision" on the Berges' reimbursement claim "within 90 days" of the date of the letter reopening the matter. *See* TMA Reopening Letter, Attachment B.

Upon review, the TMA Appeals office will issue an initial determination of whether ABA is covered under TMA's Basic Program and, if it is, whether the Berges are entitled to the reimbursement they seek. Although Plaintiffs claim that TMA contractors have routinely denied coverage for ABA under the Basic Program and may be able to point to comments made by

---

[2] Although the regulations sometimes uses the acronym OCHAMPUS (Office of the Civilian Health and Medical Program of the Uniform Services), those regulations are referring to TMA for the purposes discussed herein. TMA is the successor to the previous designated OCHAMPUS.

- 3 -

Department of Defense officials to that effect, "TMA has not made a formal policy determination as to whether ABA services might be covered" as a Basic Program medical benefit. *See id*. The previous adjudications for the Berges had not addressed "whether ABA services were eligible for coverage as a Program benefit under [TRICARE's Basic Program]." *See id*. In making the revised initial determination, the TMA Appeals office will consider the recommendation made by TMA's Medical Benefits and Reimbursements Branch ("MB&RB"), which has already "begun a review of the current medical evidence and literature, including technical assessments, concerning ABA as a treatment for autism," and "the position" of TMA's Medical Director. *See id*. The Appeals office will also consider "any information the Berges wish to submit." *See id*. If ABA is determined to be a covered benefit, then the TMA Appeals office will address the next series of questions, "as is done for every TRICARE claim, [of] whether the provider is an authorized provider and whether the treatment is medically necessary for" the Berges' dependent's particular condition. *See id*.

If the Appeals office issues an initial determination denying the Berges reimbursement, then the Berges would have the opportunity to "request a hearing in accordance with 32 C.F.R. § 199.10(a)(8)(ii)(C)." *See* TMA Reopening Letter, Attachment B. This administrative hearing would be conducted by a designated hearing officer, who would then issue a recommendation to the Director of TMA or a designee for a final decision. *See* 32 C.F.R. § 199.10(d)(3)(ii).

## ARGUMENT

### A.   Plaintiffs' Claims Must Be Dismissed For Lack of Final Agency Action.

The threshold question of every claim brought pursuant to the APA is whether there has been final agency action.[3] *See Fund for Animals, Inc. v. U.S. Bureau of Land Management*, 460 F.3d 13, 18 (D.C. Cir. 2006) ("Whether there has been 'agency action' or 'final agency action' within the meaning of the APA are threshold questions; if these requirements are not met, the action is not reviewable"); *see also* 5 U.S.C. § 704 (identifying an action that is reviewable under the APA as an "[a]gency action made reviewable by statute and *final agency action* for which there is no other adequate remedy in a court") (emphasis added).  Because there is no final agency action, Plaintiffs' claims must be dismissed.

By federal regulation, there has been no final agency action.  An initial determination for a claim for reimbursement under TRICARE is final unless, among other reasons, "the initial determination is reopened by [TMA]."  *See* 32 C.F.R. § 199.10(a)(1)(ii).  That is exactly what has happened in this case as TMA has reopened the denial of the Berges' reimbursement claim pursuant to that regulation.  *See* TMA Reopening Letter, Attachment B ("The matter is reopened in accordance with 32 C.F.R. 199.10(a)(1)(ii)").  That should resolve this action.  Moreover, the agency here intends to move swiftly.  TMA has already initiated the process of reviewing "current medical evidence and literature" to determine whether ABA should be considered a covered benefit.  *See* TMA Reopening Letter, Attachment B.  And TMA intends to reach a

---

[3] Although the question of whether there has been final agency action has at times been viewed as a jurisdictional question, the D.C. Circuit recently stated that it is a question of "whether the plaintiff has a cause of action."  *See Oryszak v. Sullivan,* 576 F.3d 522, 525 n.2 (D.C. Cir. 2009).

decision on Berges' claims within 90 days. *See id.* Accordingly, this Court should dismiss this action without prejudice because there is no final agency action for this Court to review.

> **B.      Alternatively, Defendants Seek This Court To Hold This Action In Abeyance Pending the Department of Defense's Reconsideration of the Berges' Reimbursement Claim.**

Alternatively, even if this Court deems there to be final agency action, Defendants seek to have this action held in abeyance pending consideration of the Berges' reimbursement claim. *See Sierra Club v. Antwerp*, 560 F.Supp.2d 21, 23 (D.D.C. 2008) ("an agency wishing to reconsider its action, should move the court to remand or hold the case in abeyance pending the agency's reconsideration") (citing *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C.Cir.1962)); *see also Sierra Club v. Antwerp*, 560 F.Supp.2d at 26 ("all proceedings in this case will be stayed pending final [agency] action on remand"). Courts in this Circuit "commonly grant motions to remand an administrative record to allow an agency to consider new evidence that became available after the agency's original decision." *See id*. at 23 (citing *Ethyl Corp. v. Browner*, 989 F.2d 522, 523-24 & n. 3 (D.C. Cir.1993)). That is because "the Circuit prefers 'to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *See Sierra Club v. Antwerp*, 560 F.Supp.2d at 23 (quoting *Ethyl Corp. v. Browner*, 989 F.2d at 524).

Here, Defendants easily satisfy this standard. TMA seeks to make a determination in light of the current medical evidence and literature, as well as any evidence the Berges wish to submit, of whether ABA is a covered benefit under TRICARE's Basic Program. *See* TMA Reopening Letter, Attachment B. Although Plaintiffs posit in their Complaint that Defendants have a policy of denying ABA coverage under the Basic Program, TMA has not made any such

- 6 -

formal determination.  *See id.*  TMA has already started the initial steps for an internal assessment of whether ABA should be covered under the Basic Program.  *See id*.  It seeks to continue this assessment and give the Plaintiffs the opportunity to participate in the process.

   Holding this matter in abeyance while it is remanded to the Department of Defense for further consideration would be in the interest of judicial economy.  Even if Plaintiffs were to prevail on their claims, they would merely be entitled to what Defendants are seeking to provide them by this motion.  *Sierra Club v. Antwerp*, 560 F.Supp.2d at 26 ("even if plaintiffs are ultimately successful in this forum, the likely relief would be in the form of setting aside the original [agency] decision and remanding to the [agency] in light of applicable law") (citing *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 657-58 (2007) ("[a]s an initial matter, we note that if the [agency's] action was arbitrary and capricious, as the Ninth Circuit held, the proper course would have been to remand to the agency for clarification of its reasons") (citing *Gonzales v. Thomas*, 547 U.S. 183 (2006) (*per curiam*))).  Currently, the record is extremely sparse, consisting of the Berges' claim for reimbursement and the contractors' denials.  Here, TMA will be able to exercise its expertise and make a determination of whether ABA is a covered benefit as opposed to this Court being asked to decide without a complete administrative record.  Further, even if TMA ultimately determines that ABA is not a covered benefit, a full administrative record would have been developed in the event that there is future litigation.  Accordingly, this Court should hold Plaintiffs' action in abeyance while the matter is remanded to the Department of Defense for further consideration.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that this Court grant their motion to dismiss or, in the alternative, hold this action in abeyance while the matter is remanded to the Department of Defense for further consideration.

Dated: June 22, 2010

Respectfully submitted,
TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney for the District of Columbia

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

_/s/_____
ADAM D. KIRSCHNER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Ave., NW., Room 7126
Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANTS