UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENNETH BERGE, ET. AL, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-373 (RBW) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, ET. AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Defendants' Unopposed Motion to Supplement the Record In Support of Defendants' Motion to Dismiss Or, In the Alternative, To Hold This Action in Abeyance**

  Defendants United States of America, the U.S. Department of Defense, the TRICARE Management Activity within the Department of Defense, and Secretary of Defense Robert Gates, by and through undersigned counsel, hereby move this Court for leave to file the attached documents in support of their motion to dismiss or, in the alternative, to hold this action in abeyance. These documents pertain to actions taken by Defendants since the filing of Defendants' dispositive motion that are relevant to the issues before the Court, and Defendants seek to apprise the Court and the Plaintiffs of these materials before Plaintiffs file their opposition to Defendants' dispositive motion. Undersigned has consulted with counsel for Plaintiffs and Plaintiffs do not oppose this motion.

  Defendants moved in this action on June 22, 2010, to dismiss for lack of final agency action Plaintiffs' claims challenging the denial of certain services under a Department of Defense ("DoD") basic medical services program or, in the alternative, to stay this action pending the conclusion of an administrative action currently being taken by DoD that directly bears upon Plaintiffs' claims.

As Defendants stated in their memorandum in support of their dispositive motion, the TRICARE Management Activity ("TMA") within DoD has made no formal policy determination as to whether Applied Behavior Analysis ("ABA") service might be covered as a Basic Program medical benefit for the treatment of autism.  *See* Defendants' Memorandum In Support of Their Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance ("Defs' MTD Mem.") at 3-4 ("Although Plaintiffs claim that TMA contractors have routinely denied coverage for ABA under the Basic Program and may be able to point to comments made by Department of Defense officials to that effect, 'TMA has not made a formal policy determination as to whether ABA services might be covered' as a Basic Program medical benefit.") (quoting TMA Reopening of the Denial of Zachary Berge's ABA Claim dated June 22, 2010, ("TMA Reopening Letter) attached as Attachment B to Defs' MTD Mem.).  Although no formal policy determination was made as to whether ABA is a covered benefit under the Basic Program, TMA has considered ABA to be a covered benefit under its extended benefits program since 2001[1] and, correspondingly, not a covered benefit under the Basic Program.  TMA issued guidance to its contractors in 2001 on the scope of ABA coverage.  *See, e.g.*, Letters to Contractors, dated March 14, 2001, and July 3, 2001, attached as Exhibits 1 and 2.

TMA has now vacated any previous instruction that it may have issued to its contractors advising them that ABA is not a covered benefit under its Basic Program.  On June 30, 2010, TMA sent notice to its contractors that any previous guidance they might have received to the effect that ABA is not a covered Basic Program benefit is no longer operative and that the

---

[1] The currently named Extended Care Health Option was named the Program for Persons with Disabilities and was identified as such in the 2001 letters attached to this motion.

contractors must stay any requests for reimbursement for ABA under the Basic Program while TMA makes a determination of whether ABA is a covered benefit. *See*, *e.g.*, Letter to Contractor dated June 30, 2010, attached as Exhibit 3.

Defendants' position as described in their originally filed memorandum has not changed; TMA is making a determination in an expeditious manner of whether ABA is a covered benefit under TMA's Basic Program through the reopening of the Berges' adjudication. As Rear Admiral Hunter stated in the letter reopening the Berges' adjudication, "TMA anticipates issuing its decision [on the Berges'] claim within 90 days" of June 22, 2010, although the Berges would have the opportunity to seek a hearing should the decision be adverse to them. *See* TMA Reopening Letter, attached as Attachment B to Defs' MTD Mem.. In the meantime, TMA has vacated any previous instruction to its contractors on the scope of ABA coverage under the Basic Program. *See* Exhibit 3.

Dated: July 1, 2010                          Respectfully submitted,

                                             TONY WEST
                                             Assistant Attorney General

                                             RONALD C. MACHEN JR.
                                             United States Attorney for the District of Columbia

                                             JOHN TYLER
                                             Assistant Director, Federal Programs Branch

                                             _/s/_____
                                             ADAM D. KIRSCHNER
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             Mailing Address

P.O. Box 883  
Washington, D.C., 20044  
<u>Delivery Address</u>  
20 Massachusetts Ave., NW., Room 7126  
Washington, DC 20001  
Telephone: (202) 353-9265  
Fax: (202) 616-8470  
Adam.Kirschner@usdoj.gov  

COUNSEL FOR DEFENDANTS
