**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KENNETH BERGE and DAWN BERGE, on
behalf of themselves and their minor child
Z.B., as individuals and on behalf of all others
similarly situated,

       Plaintiffs,

                                   Case No. 10-cv-00373-RBW
                                   Hon. Reggie B. Walton

v.

UNITED STATES OF AMERICA, U.S.
DEPARTMENT OF DEFENSE, TRICARE
MANAGEMENT ACTIVITY, and ROBERT
M. GATES, United States Secretary of
Defense, jointly and severally,

       Defendants.

---

**PLAINTIFFS' MOTION TO COMPEL**
**PRODUCTION OF THE ADMINISTRATIVE RECORD**

       Plaintiffs, by the undersigned counsel, hereby move to compel production of the

administrative record for the reasons stated in the attached Statement of Points and Authorities.

Plaintiffs have requested Defendants' consent to the relief requested herein, and Defendants

denied Plaintiffs request in a letter to Plaintiffs' counsel dated June 30, 2010.

                         Respectfully submitted,

                         **MANTESE HONIGMAN ROSSMAN**
                         **AND WILLIAMSON, P.C.**
                         Attorneys for Plaintiffs

By:     /s/_____
           David M. Honigman (MI - P33146)
           dhonigman@manteselaw.com
           Gerard V. Mantese (MI - P34424)
           gmantese@manteselaw.com

Brendan H. Frey (MI - P70893)
bfrey@manteselaw.com
Brian M. Saxe (MI - P70046)
bsaxe@manteselaw.com
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

      /s/
Bruce J. Klores (DC – 358548)
bjk@klores.com
Bruce J. Klores & Assoc. P.C.
Attorneys for Plaintiffs
1735 20th Street NW
Washington, DC 20009
Tel  (202) 628-8100
Fax  (202) 628-1240


John J. Conway (MI - P56659)
john@johnjconway.com
John J. Conway, PC
Co-counsel for Plaintiffs
26622 Woodward Ave., Ste. 225
Royal Oak, MI 48067
(313) 961-6525

Dated:  July 9, 2010

## CERTIFICATE OF SERVICE

I hereby certify that I served a Motion to Compel Production of the Administrative

Record on the following defendants in this matter electronically via CM/ECF, this 9th day

of July 2010:

Tony West, Attorney General
Ronald C. Machen, Jr., U.S. Attorney for D.C.
Vincent M. Garvey, Deputy Director, Federal Programs Branch
Adam Kirschner, Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
50 Massachusetts Avenue, N.W.
Room 7126
Washington, D.C. 20001

                                        __/s/_____
                                              Bruce J. Klores

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KENNETH BERGE and DAWN BERGE, on
behalf of themselves and their minor child
Z.B., as individuals and on behalf of all others
similarly situated,

         Plaintiffs,

                                        Case No. 10-cv-00373-RBW
                                        Hon. Reggie B. Walton

v.

UNITED STATES OF AMERICA, U.S.
DEPARTMENT OF DEFENSE, TRICARE
MANAGEMENT ACTIVITY, and ROBERT
M. GATES, United States Secretary of
Defense, jointly and severally,

         Defendants.

---

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD**

**I.     INTRODUCTION**

       Plaintiffs' challenge, on behalf of all TRICARE Beneficiaries who have children with

autism, the Department of Defense's (DoD) illegal classification of Applied Behavior Analysis

("ABA") therapy as "special education." The legal controversy that defines the instant case is

whether ABA therapy is "health care" or "mental health care," as Plaintiffs, similarly situated

military families, and health care professionals assert, or "special education," as DoD claims, for

purposes of the Military Health Benefits Statute, 10 U.S.C. ch. 55. The stakes are the

opportunities of the children with autism in our nation's military families to live a full human

life, and the lifting of the burden of the excruciating choices that military parents face between

assuming the crushing economic burden of paying out-of-pocket for their autistic child's health care, thereby dramatically reducing their families' quality-of-life and risking bankruptcy versus condemning their child to awful suffering and the destruction of his vital human core.

ABA therapy is the most effective medical treatment for autism, and a health care benefit to which the class of TRICARE beneficiaries with autism are entitled pursuant to the Military Health Benefits Statute, 10 U.S.C. ch. 55.

ABA therapy is a scientifically valid, medically accepted, and mainstream treatment that is medically necessary for Z.B. and other military children with autism. With virtual unanimity, physicians, psychiatrists, psychologists, social workers and mental health professionals regard ABA therapy to be (1) the most effective treatment for autism, (2) far more effective than the next most effective set of autism treatments, and (3) far more reliably supported by scientific research than any other autism treatment. For example, in a letter to the Honorable Members of the U.S. Senate Armed Services Committee, September 19, 2008, 56 luminaries noted the following:

> ABA is medically necessary to enable a child with autism to function safely and independently in all aspects of life. The effectiveness of ABA-based intervention in Autism Spectrum Disorders has been well documented through 5 decades of research by using single-subject methodology and in controlled studies of comprehensive early intensive behavioral intervention programs. ABA is effective at developing and improving language and communication skills, social interactions, positive family relationships, daily living skills, cognitive and executive functioning, and ameliorating harmful behaviors. It is not too much to say that ABA therapy restores the very humanness stolen by autism.

(Ex 1, *Letter to U.S. Armed Services Committee, September 19, 2008*). These same experts in the field also noted the following:

> While it is critical for schools to provide appropriate supports for special needs
> children in the classroom, ABA and other behavior intervention methods are not
> "special education" in and of themselves. We stress the importance of using such
> techniques in the classroom to help children in the academic environment, but
> treating autism goes far beyond the classroom. ABA and other behavior
> intervention techniques are no less medically necessary than other medical
> supports provided in the academic environment such as speech and occupational
> therapies which are generally covered by insurance.

(Ex 1, *Letter to U.S. Armed Services Committee, September 19, 2008*).

In some cases, children with autism have completely recovered, and lost their autism diagnosis after receiving intensive ABA therapy, usually 40 hours per week, starting at a young age. (http://www.baam.emich.edu/baammainpages/whtnew.htm; last visited May 18, 2010; The Today Show, April 17, 2010: "Can kids 'recover' from autism?"). On the other hand, "[t]reatment delayed or not provided at the prescribed amount diminishes effectiveness." (Ex 1, *Letter to U.S. Armed Services Committee, September 19, 2008*). The delay or denial of appropriate and necessary ABA therapy interventions "has negative impacts to the health and progress of the child with autism resulting in increased burdens on the family, and anticipated higher health care costs resulting from interruptions in treatment or failure to provide for prescribed level of care." (Ex 1, *Letter to U.S. Armed Services Committee, September 19, 2008*).

Defendants are hiding the administrative record and misrepresenting to the Court that the administrative record consists of nothing more than a couple of sentences denying the Berge's claim for ABA therapy benefits for their child with autism. This is an outright lie, motivated by shame. It is one ploy, in a series of ploys, to prevent judicial review of TRICARE Management Activity's ("TMA") illegal designation of ABA therapy as "special education."

3

## II.    FACTS AND PROCEDURAL HISTORY

In their Motion to Dismiss [DE 12], Defendants state that "[c]urrently, the record is extremely sparse, consisting of the Berges' claim for reimbursement and the contractors' denials." (Ex 2, Defendants' Motion to Dismiss, p. 7).  This is false, as is demonstrated by the documents Defendants recently filed to supplement the record relating to their Motion to Dismiss.  Exhibit 2 to Defendants' Unopposed Motion to Supplement the Record in Support of Defendants' Motion to Dismiss [DE 14] is a July 3, 2001, letter from the Office of the Assistant Secretary of Defense Health Affairs to the Director of Contract Management and Compliance for one of TMA's contractors.  In this letter, TMA states as follows:

> You asked if all ABA services are payable only under the PFPWD [now known as ECHO] **or if some can be cost shared under the Basic Program**.  As ABA is an educational program, by regulation it is covered only under the PFPWD [now, ECHO].  TMA's Office of Medical Benefits and Reimbursement Systems states that ABA does not include medical services such as speech or occupational therapy as contemplated by the Basic Program.
>
> You also noted that one provider in the Central Region apparently bills ABA as psychotherapy under procedure code 90806.  We question whether that is the appropriate code.  For example, 98220 or 98290 for special education might be more appropriate.

(Ex 3, *TMA Letter July 3, 2001*). (emphasis added).  This TMA policy statement is effectively the same as the policy statement that TMA's Deputy Director, Major General Elder Granger, provided to Florida Congressman Jeff Miller in 2008.  When Congressman Miller inquired why the Berge's request for ABA therapy benefits was denied, Major General Granger stated that "ABA is an educational, as opposed to a medical benefit, and as such, is available only under the program authorized by 10 United States Code 1079(d)-(f) [now known as ECHO]." (Ex 4, *Letter from Major General Granger*).

4

This TMA interpretation of the Military Health Benefits Statute, 10 U.S.C. Ch. 55, has been widely disseminated and has been applied across the board to deprive military families of benefits for ABA therapy that children with autism desperately need if they are to have any hope of living an independent life. 26 affidavits are attached from military families who face the same obstacles that have blocked the Berge's attempt to obtain ABA therapy benefits from TMA. (Ex 5, *Military Family Affidavits*). According to DoD data released in response to a FOIA request, there are approximately 22,000 families that have effectively been denied benefits due to the agency's misinterpretation or misrepresentation of Congressional intent. (Ex 6, *DoD FOIA Response*).

Since at least 2001, it has been official DoD policy to deny ABA therapy benefits under the Basic Program because "ABA is an educational program." (Ex 3, *TMA Letter July 3, 2001*). This policy formed the basis of TMA's denial of the Berge's claim and the claims of 22,000 like situated families whose claims continue to be denied and/or illegally capped. According to the agency, "TMA reached that determination only after an extensive review, including a technology assessment and coordination within the agency." (Ex 3, *TMA Letter July 3, 2001*). Certainly the administrative record in this case consists of much more than "the Berge's claim for reimbursement and the contractors' denials."

## III.    ARGUMENT

The Court and Plaintiffs should be provided with a complete copy of the administrative record as it currently exists before any dispositive motions in this case are decided. "'It is well understood in administrative law that the focal point for judicial review should be the administrative record already in existence, not some new record contemplated initially in the

5

reviewing court.'" *Muwekma Ohlone Tribe v. Kempthorne*, 452 F.Supp.2d. 105, 119 (D.D.C. 2006) (J. Walton) (quoting *Tripoli Rocketry Ass'n v BATFE*, 437 F.3d 75, 83 (D.C. Cir. 2006)).

Why would DoD conduct an "extensive review" and then refuse to reveal it to the Court and the Plaintiffs?  Answer: because that record likely proves that they misrepresent the law – just as they are this moment misrepresenting that there is somehow "no administrative record" in one breath and an "extensive review" in another breath. (See Ex 7, *Kirschner Letter, June 30, 2010*; and, Ex 3, *TMA Letter July 3, 2001*).

The DoD cannot evade judicial review of the administrative record simply by stating, as it has, that "'TMA has not made a **formal** policy determination as to whether ABA services might be covered' as a Basic Program medical benefit." (Ex 2, Defendants' Motion to Dismiss [DE 12], p. 4). *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[A] formal hearing before the agency is in no way necessary to the compilation of an agency record . . . agencies typically compile records in the course of informal agency action. **The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred.** See 5 U.S.C. §§ 551(13), 704, 706") (Emphasis added).

DoD is mincing words to mislead.  Yes - - TMA has not made a **formal** policy determination.  But it has made a **secret, informal** policy determination, based on ultra vires reasoning, that it would not cover ABA therapy.  It is that **secret, informal** record that DoD must disclose.

6

In *Stainback v. Winter*, 520 F.Supp.2d 181, 185 (D.D.C. 2007), this Court held as follows:

> "The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." Holy Land Foundation for Relief and Development v. Ashcroft 219 F. Supp. 2d 57, 65 (D.D.C. 2002) (quoting Thompson v. Dep't of Labor, 885 F.2d 551, 555 (9th Cir.1989)); see, e.g., Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993). **"Allowing administrative agencies to preclude judicial access to materials relied upon by an agency in taking whatever action is then being subject to judicial scrutiny would make a mockery of judicial review."** Smith v. FTC, 403 F. Supp. 1000, 1008 (D. Del. 1975); see also Walter O. Boswell Mem'l Hosp. v. Heckler, 242 U.S. App. D.C. 110, 749 F.2d 788, 791-93 (D.C. Cir.1984).

(Emphasis added).

The Court needs the administrative record so that it may properly consider Plaintiffs' forthcoming Motion for Summary Judgment, as well as Defendants' pending Motion to Dismiss and/or Stay [DE 12]. Plaintiffs need the administrative record to have a fair opportunity to respond to Defendants' motions and to prepare their forthcoming motions for summary judgment/vacation of DoD's illegal policy, and motion for a preliminary injunction. While a straightforward analysis of the relevant statutes and rules will demonstrate that ABA therapy is not "special education" and, therefore, that Defendants' past policy is contrary to law, Plaintiffs are entitled to the administrative record because: (1) Plaintiffs are aware of parts of the administrative record that support the arguments of the Plaintiff class, and (2) there may be materials contained therein that Plaintiffs are not aware of that will further support Plaintiffs' arguments.

The administrative record should reflect the Defendants' interpretation of the Military Health Benefits Statute, 10 U.S.C. ch. 55, and the applicable rules and regulations. It is black

letter law that Plaintiffs are entitled to know the legal and factual conclusions upon which TMA based its designation of ABA therapy as "special education," and the logic underlying those conclusions so that the Court can determine if the Defendants' designation of ABA therapy as "special education" is contrary to law and should, therefore, be set aside under 5 U.S.C. § 706(2). *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (The requirement that courts review agency action on the basis of "the full administrative record" is a "fundamental principle of judicial review.")  Due process requires as much.  U.S. Const. Amd. V. and XIV; See *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 109 ("Due process safeguards are particularly important in administrative agency proceedings because 'many of the customary safeguards affiliated with court proceedings have, in the interest of expedition and a supposed administrative efficiency, been relaxed.'") (citation omitted).

If, according to the applicable statutes and regulations, ABA therapy is not "special education" and is in fact therapy that is medically necessary for children with autism, as Plaintiffs, similarly situated military families, and experts in the field assert, there is no reason for remand or further consideration by the agency because the agency has no discretion to withhold benefits for medically or psychologically necessary care. See, e.g., 10 U.S.C. ch. 55 § 1099(c) ("A health care plan designated by the Secretary of Defense . . . shall provide all health care to which a covered beneficiary is entitled under this chapter."); also see, 10 U.S.C. ch. 55 §§ 1071, 1072, 1074, 1076, 1077, 1079, 1086 and 32 C.F.R. §§ 199.2 and 199.4.  The Court should vacate the DoD policy without remanding because only one other conclusion is possible, either ABA is "special education" or it is not.  *Fogg v. Ashcroft*, 254 F.3d 103, 111-112 (D.C. Cir. 2001) ("In the face of such legal error, we would normally remand to the court for remand to the agency, but we do not do so when, as here, remand would be futile.  'Only one conclusion would

8

be supportable.') (quoting *Donovan v. Stafford Construction Co.*, 235 U.S. App. D.C. 352, 732 F.2d 954, 961 (D.C. Cir. 1984)). The Court should find that ABA is not "special education" pursuant to the applicable law and regulations and should Order DoD to immediately provide benefits for ABA therapy. Plaintiffs believe that the currently existing administrative record will provide overwhelming support for this position, and that is precisely why Defendants are desperately trying to hide the administrative record.

While Plaintiffs will argue in a forthcoming Motion for Summary Judgment that DoD's policy should be set aside as contrary to law based on the plain meaning of the applicable statutes and rules, it is still important for the Court and Plaintiffs to review the Defendants' past analysis of the statute and regulations so that an order may be fashioned that most clearly explains to Defendants why its previous, and current, reading of the law is wrong. Thereafter, to the extent DoD may be permitted to refashion its policy, it will be able to do so with a clear instruction from the Court on what the law requires.

In the event the Court eventually decides that a remand is necessary, the currently existing administrative record should still be produced now, in order to preserve the record in its pristine state. In the event of a remand, DoD may affirm its currently existing policy based on a revised reasoning. The Court and Plaintiffs will want to look at the new explanation in light of past DoD interpretations of the applicable law and facts. Shifting explanations or definitions that benefit Defendants may be exposed as arbitrary, capricious and motivated by litigation strategy as opposed to objective analysis when compared to past agency analysis or determinations.

Defendants' policy that formed the basis of all past denials of requests for ABA therapy benefits is a final agency action subject to judicial review. *Natural Resources Defense Counsel*

9

*v. EPA*, 22 F.3d 1125, 1132-1133 (D.C. Cir. 1994) ("the absence of a formal statement of the agency's position, as here, is not dispositive: An agency may not, for example, avoid judicial review 'merely by choosing the form of a letter to express its definitive position on a general question of statutory interpretation.' *Id*. (quoting *Ciba-Geigy*, 801 F.2d 430, 438 n.9 (D.C. Cir. 1986)).

In a June 30, 2010 letter, Defense counsel asserts that "TRICARE Management Activity . . . has vacated any previous instruction it may have issued to its contractors that ABA is not covered under the Basic Program." (Ex 7, *Kirschner Letter, June 30, 2010*).  While Plaintiffs are pleased that DoD has effectively admitted that its past 10 years of ABA therapy benefit denials were arbitrary, it is not enough for TMA to simply write a letter to its contractors stating that it is reconsidering the policy. (Ex 8, *TMA Letter, June 30, 2010*).   DoD must notify its *beneficiaries* of a change in benefits, provide benefits to such beneficiaries, and must re-open all past claims for ABA therapy so that benefits may be provided in accordance with the law.  There has been years of wrongfully withheld and unreasonably delayed benefit payments.  Many families have already had to pay for years of therapy out-of-pocket, and harm continues to accrue for which a judicial remedy is necessary and required pursuant to 5 U.S.C. § 706 ("The reviewing court *shall*: (1) compel agency action unlawfully withheld or unreasonably delayed; and, (2) hold unlawful and set aside agency action, findings, and conclusions . . .").

TMA has not proposed any action to remedy the thousands of wrongful denials that have already occurred.  Furthermore, "it is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Wilson v. Sullivan*, 709 F.Supp. 1351 (D.N.J. 1989) (citing *City of Mesquite v.*

*Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Defendants cannot meet the "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Worth v. Jackson*, 451 F.3d 854, 860 (D.C. Cir. 2006) (quoting *Friends of the Earth v. Laidlaw Envtl Services., Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693 (2000)) (alterations omitted in original). Defendants have specifically reserved the right to re-start the DoD's illegal denial of claims. The Court should Order Defendants to produce the administrative record so that it can set-aside the challenged practice in accordance with 5 U.S.C. § 706.

## IV.    CONCLUSION

The Court should Order Defendants to produce a certified copy of the administrative record without delay, and should stay consideration of Defendants' Motion to Dismiss [DE 12] until after the administrative record is produced, at which time briefing deadlines should be re-set. (Ex 9, *Proposed Order*).

Respectfully submitted,

**MANTESE HONIGMAN ROSSMAN**
**and WILLIAMSON, P.C.**
Attorneys for Plaintiffs

By:    __/s/_____
David M. Honigman (MI - P33146)
dhonigman@manteselaw.com
Gerard V. Mantese (MI - P34424)
gmantese@manteselaw.com
Brendan H. Frey (MI - P70893)
bfrey@manteselaw.com
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

11

__/s/_____

Bruce J. Klores (DC – 358548)
bjk@klores.com
Bruce J. Klores & Assoc. P.C.
Attorneys for Plaintiffs
1735 20th Street NW
Washington, DC 20009
Tel  (202) 628-8100
Fax  (202)628-1240


John J. Conway (MI - P56659)
john@johnjconway.com
John J. Conway, PC
Co-counsel for Plaintiffs
26622 Woodward Ave., Ste. 225
Royal Oak, MI 48067
(313) 961-6525

Dated:  July 9, 2010

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KENNETH BERGE and DAWN BERGE, on
behalf of themselves and their minor child
Z.B., as individuals and on behalf of all others
similarly situated,

                Plaintiffs,

                                          Case No. 10-cv-00373-RBW
                                          Hon. Reggie B. Walton

v.

UNITED STATES OF AMERICA, U.S.
DEPARTMENT OF DEFENSE, TRICARE
MANAGEMENT ACTIVITY, and ROBERT
M. GATES, United States Secretary of
Defense, jointly and severally,

                Defendants.

---

## ORDER

    Plaintiffs having filed a Motion to Compel Production of the Administrative Record, and

the Court being otherwise fully advised in this matter, it is hereby ordered that Plaintiffs' Motion

is GRANTED and Defendants shall file a certified copy of the administrative record within 14

days from the date of this Order. Consideration of Defendants' Motion to Dismiss and/or Stay

[DE 12] is stayed pending production of the administrative record, at which time briefing

deadlines will be re-set.

                                      **IT IS SO ORDERED.**

                                      _____

                                        Hon. Reggie B. Walton
                                        United States District Court Judge