# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

KENNETH BERGE, ET. AL,           )
                                       )
                  Plaintiffs,     )     Civil Action No. 10-373 (RBW)
                                       )
            vs.                         )
                                       )
UNITED STATES OF AMERICA, ET. AL,  )
                                       )
                  Defendant.     )
_____)

## DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO HOLD THIS ACTION IN ABEYANCE

### INTRODUCTION

Plaintiffs' opposition to defendants' motion to dismiss or, in the alternative, to hold this action in abeyance suggests that the issues presented by defendants' motion are complicated, but they are in reality quite simple. The TRICARE Management Authority ("TMA") within the Department of Defense ("DoD") is attempting to make a considered decision as to whether Applied Behavior Analysis ("ABA") is covered under the basic DoD health services program it administers. TMA has reopened the initial determination denying plaintiffs reimbursement and, thus, there is no final agency action for this Court to review. There is no settled agency position as to whether ABA is a covered benefit nor as to whether plaintiffs are entitled to reimbursement. TMA is seeking to make those determinations expeditiously. Plaintiffs, however, seek to have this Court entangle itself in an abstract disagreement and reach a decision without the benefit of agency expertise.

Further, the only relief to which plaintiffs would be entitled in this litigation is the relief that the defendants are already providing. *See Fla. Power & Light Co. v. Lorion,* 470 U.S. 729,

744 (1985).  TMA has vacated any previous instruction it may have issued that ABA is not

covered under the Basic Program.  And, TMA has initiated a process that it anticipates

completing by September 20, 2010, to further investigate and explain whether ABA is covered

and, accordingly, whether plaintiffs are entitled to reimbursement.

Until TMA makes these considerations, there is no final agency action for this Court to

review and this action must be dismissed.  Or, at the very least, this action should be held

abeyance while TMA makes its considered decision.

## <u>BACKGROUND</u>

Recognizing that it never made a formal policy determination as to whether ABA is

covered under its Basic Program, TMA has reopened the initial determination of plaintiffs' claim

for reimbursement for ABA therapy for their dependent's autism.  *See* TMA Reopening of the

Denial of Z.B.'s ABA Claim, attached as Attachment B to Defendants' Memorandum in Support

of Their Motion to Dismiss Or, In the Alternative, to Hold This Action in Abeyance (Dkt. #12-

2).  In adjudicating plaintiffs' claim, TMA intends to make a determination as to whether ABA is

covered under the Basic Program through consideration of recent medical evidence and

literature, the information developed by TMA's Medical Benefits and Reimbursement Branch,

the position of the TMA Medical Director, and any evidence plaintiffs wish to submit.  *See id*.

In addressing whether ABA is covered under the Basic Program, TMA will also address the

question of an effective date for ABA coverage if it is determined to be covered under the Basic

Program.  *See id*.  But, of course, as is true for any beneficiary, TMA would need to make an

individualized assessment for plaintiffs regarding "whether the provider is an authorized

provider and the treatment is medically necessary for this beneficiary's condition" even if it

determines that ABA is covered under the Basic Program. *See id*. TMA intends to act

expeditiously and reach a decision by September 20, 2010. *See id*.

TMA acknowledges that it had considered since 2001 that ABA was covered under its

extended benefits program, Extended Care Health Option ("ECHO"), and, correspondingly, not

covered under its Basic Program.[1] *See* Defendants' Unopposed Motion to Supplement the

Record in Support of Defendants' Motion to Dismiss Or, In the Alternative, to Hold This Action

in Abeyance ("Unopposed Motion to Supplement") (Dkt. #14) at 2. Due to the fact that "TMA

is currently reviewing whether [ABA] is a covered benefit" under the Basic Program, TMA has

now, however, vacated any previous instruction that it may have issued to its contractors that

ABA is not covered under the Basic Program and has requested that its contractors stay all

claims for ABA coverage under the Basic Program pending completion of that review. *See* June

30, 2010, Notification Regarding Applied Behavior Analysis, attached as Exhibit 3 to

Defendants' Unopposed Motion to Supplement.[2] Again, TMA anticipates giving guidance to its

contractors as to whether ABA is covered under the Basic Program no later than September 20,

2010. *See id*.

---

[1] "The TRICARE ECHO is essentially a supplemental program to the TRICARE Basic Program. It does not provide acute care nor benefits available through the TRICARE Basic Program." *See* 32 C.F.R. § 199.5(a)(1).

[2] Plaintiffs attach a denial for ABA under the Basic Program from a contractor that post-dated this instruction to the contractors. *See* Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, To Hold This Action In Abeyance, Exhibit 9. That, however, does not negate that TMA issued an instruction to its contractors to stay all claims. Whether a contractor did or did not improperly deny one individual claim following such an instruction is not the subject of this litigation and has no effect on plaintiffs' claim for reimbursement.

- 3 -

## ARGUMENT

### A.    There Is No Final Agency Action As There Is No Consummation of the Agency Decisionmaking Process.

Contrary to plaintiffs' suggestion, defendants' motion to dismiss addresses each and every one of plaintiffs' claims.  *See* Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, To Hold This Action In Abeyance ("Pls. Opp.") (Dkt. #22) at 18 ("Defendants' Motion to Dismiss must be denied because it does not even attempt to address at least 3 of Plaintiffs' claims.").  All of plaintiffs' claims are brought pursuant to the Administrative Procedure Act ("APA").  *See* Plaintiffs' Complaint ¶ 38 (Dkt. #1).  And the threshold requirement for every APA claim is that there has been final agency action.  *Fund for Animals, Inc. v. U.S. Bureau of Land Management*, 460 F.3d 13, 18 (D.C. Cir. 2006); 5 U.S.C. § 704.  As defendants asserted in their opening memorandum, there has been no final agency action in this case for this Court to review.

Although plaintiffs try to manufacture a dispute for this Court to review, TMA does not have a policy or rule that ABA therapy is excluded from the Basic Program.  Rather, TMA is seeking to a make a determination at this time through the reopening of the adjudication of plaintiffs' claim as to whether ABA is covered under the Basic Program.  Although for several years TMA considered ABA to be covered under ECHO and, correspondingly, not covered under the Basic Program, it is now an open question as to whether ABA is covered under the Basic Program that TMA intends to resolve.  Conjunctively, it is an open question as to whether plaintiffs are entitled to reimbursement for their dependent's ABA therapy.

Plaintiffs rely extensively on *Appalachian Power Company v. EPA*, 208 F.3d 1015, 1022 (D.C. Cir. 2000), for their argument that TMA's actions constitute final agency action.  *See* Pls.

Opp. at 20-21.  Although plaintiffs correctly cite the standard from *Appalachian Power* for when

agency action is considered final, their application of that standard ignores the present facts of

this case.  Under the standard articulated by *Applachian Power*, there has been no final agency

action in this case.  *See Appalachian Power*, 208 F.3d at 1022 (final agency action requires both

that (1) "the action must mark the consummation of the agency's decisionmaking process"[3] and

(2) "the action must be one by which rights or obligations have been determined or from which

legal consequences will flow." ) (citations and internal quotations omitted).

    The agency has neither consummated its decisionmaking process nor have plaintiffs'

right to reimbursement for ABA therapy been determined.  Accordingly, it would be premature

for this Court to entangle itself in this debate when TMA has not even issued a reviewable

decision.  *Cf. Abbott Laboratories v. Gardner*, 387 U.S. 148-49 (1967) (the basic premise of the

ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from

entangling themselves in abstract disagreements over administrative policies, and also to protect

the agencies from judicial interference until an administrative decision has been formalized and

its effects felt in a concrete way by the challenging parties."), *overruled on other grounds*,

*Califano v. Sanders*, 430 U.S. 99 (1977); *see also Reliable Automatic Sprinkler Co., Inc. v.*

*Consumer Prod. Safety Comm'n*, 324 F.3d 726, 732 (D.C. Cir. 2003) ("The interest in

---

    [3] Plaintiffs try to analogize to the finding in *Appalachian Power* that the Environmental
Protection Agency's ("EPA's") Guidance was still final even though it was subject to change.
*See* Pls. Opp. at 21.  But that is very different from what is happening in this case.  In that case,
the Court found that the EPA's Guidance to constitute final agency action because it "reflect[ed]
a settled agency position."  *See Appalachian Power*, 208 F.3d at 1023.  Here, the entire point is
that there is not a settled agency position as to whether ABA is covered under the Basic Program
and whether plaintiffs are entitled to reimbursement.  Those are the very questions that TMA
intends to resolve.

postponing review is powerful when the agency position is tentative. Judicial review at that stage improperly intrudes into the agency's decisionmaking process. It also squanders judicial resources since the challenging party still enjoys an opportunity to convince the agency to change its mind") (quoting *Ciba-Geigy Corp. v. EPA*, 801 F.2d 430, 436 (D.C. Cir. 1986).

Further, by federal regulation, there has been no final agency action. Although plaintiffs try to make a distinction between reopening a reconsideration decision and an initial determination, *see* Pls. Opp. at 18-20, this distinction has no practical effect. By TMA reopening the initial determination pursuant to 32 C.F.R. § 199.10(a)(1)(ii), it renders all other adjudications meaningless. The point is that the agency has not made a final decision on the initial determination as to whether plaintiffs are entitled to reimbursement, or even on the underlying question of whether ABA is covered under the Basic Program. *See id.* ("The initial determination is final unless appealed in accordance with this chapter, or unless the initial determination is reopened").[4] Otherwise, defendants would be forced to defend a policy position

_____

[4] Nor are defendants attempting to create a "back-door exhaustion requirement." *See* Pls. Opp. at 19. Rather, defendants are attempting to make a considered decision as to whether ABA therapy is covered under the Basic Program, something not fully addressed by the contractor's previous denial of plaintiffs' reimbursement request. *See* TMA Reopening of the Denial of Z.B.'s ABA Claim at 1. Further, contrary to plaintiffs' suggestion, defendants are not attempting to evade judicial review. *See* Pls. Opp. at 22-23. Rather, defendants are trying to do the opposite. Through review of recent medical evidence and literature, as well as considering the information provided by its Medical Benefits and Reimbursement Branch, the position of its Medical Director, and any evidence the plaintiffs wish to submit, TMA is seeking to make an expeditious decision by September 20, 2010, as to whether ABA is covered under the Basic Program and whether plaintiffs are entitled to reimbursement. *See* TMA Reopening of the Denial of Z.B.'s ABA Claim. If, ultimately, the final decision is subject to judicial review, a court would have a full administrative record to review.

that ABA is not covered under the Basic Program; a policy position that does not even exist.[5]

In light of TMA not having consummated its decisionmaking process and with the rights to which plaintiffs may or may not be entitled having yet been determined, this action must be dismissed for lack of a final agency action.

**B.      Because There Is Need For More Factual Development, Alternatively, This Court Should Hold This Action In Abeyance While TMA Makes A Considered Decision.**

The entire basis for plaintiffs opposing defendants' alternative request that this action be held in abeyance is that remand should only accompany a vacation of agency action.  *See* Pls. Opp. at 24-28, 35-36.  But there is nothing to vacate.  TMA does not have a policy that ABA is excluded from the Basic Program; rather, that is the question that TMA intends to resolve in an expeditious manner.  TMA has instructed its contractors that any previous instruction that ABA is not covered under the Basic Program would no longer be operative and to stay all claims pending further instruction.  *See* June 30, 2010, Notification Regarding Applied Behavior Analysis.

Plaintiffs seek to have this Court entangle itself in this abstract dispute and fashion a

---

[5] In their opposition, *see* Pls. Opp. at 28-34, plaintiffs attempt to re-litigate this Court's decision to stay consideration of class certification, *see* Minute Order, June 22, 2010.  In attempting to do so, plaintiffs miss three important facts.  First, it is premature to litigate the question of class certification when the ultimate determination concerning the named plaintiff is uncertain; this Court would not be able to address commonality, typicality, or adequacy of representation at this time.  Second, defendants are not trying to "pick-off" an individual plaintiff, *see* Pls. Opp. at 31, but rather trying to also address the underlying question as to whether ABA is covered under the Basic Program.  Finally, the relief that plaintiffs seek for the putative class is not possible; even if this Court determines it unlawful to exclude ABA therapy from the Basic Program and remands in light of such a decision, it would not be possible to order all putative class members reimbursement for ABA therapy because there would still be individualized questions as to whether the provider was an authorized provider and whether the treatment would be medically necessary given the individual's condition.

remedy that would require reimbursement for all putative class members' ABA therapy.  But that

remedy is not available.  Rather, the only available remedy for plaintiffs is the remedy already

provided by TMA.  As the Supreme Court has held:

> If the record before the agency does not support the agency action, if the agency has not
> considered all relevant factors, or if the reviewing court simply cannot evaluate the
> challenged agency action on the basis of the record before it, the proper course, except in
> rare circumstances, is to remand to the agency for additional investigation or explanation.
> The reviewing court is not generally empowered to conduct a *de novo* inquiry into the
> matter being reviewed and to reach its own conclusions based on such an inquiry.

*See Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985).  *See also Nat'l Ass'n of Home*

*Builders v. Defenders of Wildlife*, 551 U.S. 644, 657-58 (2007) ("[a]s an initial matter, we note

that if the [agency's] action was arbitrary and capricious, as the Ninth Circuit held, the proper

course would have been to remand to the agency for clarification of its reasons") (citing

*Gonzales v. Thomas*, 547 U.S. 183 (2006) (*per curiam*)).  That is the relief that defendants have

already provided plaintiffs in conjunction with the alternative motion for a voluntary remand.

TMA is seeking to develop a complete record and provide additional investigation and

explanation as to whether ABA is covered under the Basic Program.  Otherwise, this Court

would have to make a *de novo* inquiry into whether ABA is covered.

Contrary to plaintiffs' suggestion, *see* Pls. Opp. at 27, the cases upon which defendants

rely in support of their alternative request for a voluntary remand are directly on point.

Plaintiffs' basis for distinguishing those cases is that defendants point to no specific intervening

event that would require further consideration of its previous decision.  *See id*.  But, first, that is

not a requirement for an agency to seek a voluntary remand.  *See Sierra Club v. Antwerp*, 560

F.Supp.2d 21, 23 (D.D.C. 2008) ("Even in the absence of intervening events, upon an agency's

remand request, the reviewing court still has discretion over whether to remand.").  Second, even

more importantly, there have been intervening events.  TMA has determined that it never made a

formal policy determination as to whether ABA is covered under the Basic Program.  *See* TMA

Reopening of the Denial of Z.B.'s ABA Claim.  And, in making a determination at this time,

TMA seeks to consider the recent medical evidence and literature and any evidence plaintiffs

wish to submit.  *See id*.  Plaintiffs even implicitly acknowledge this point when the evidence they

cite for their proposition that ABA is covered under the Basic Program is generally from the last

couple of years.  *See* Pls. Opp. at 11-13.  Accordingly, TMA should be allowed to develop a full

record and make a decision based upon that record.

       Plaintiffs seek to have this Court make a *de novo* inquiry as to whether ABA is covered

under the Basic Program.  That is improper.  TMA should be allowed to make an informed

decision and, if that decision is the subject of judicial review, this Court should have a complete

administrative record to review.  Accordingly, this Court should grant defendants' alternative

basis for relief and hold this action in abeyance.

**<u>CONCLUSION</u>**

       For reasons stated above and in the memorandum in support of defendants' motion to

dismiss or, in the alternative, to hold this action in abeyance, defendants' respectfully request

that this Court grant their motion to dismiss or, alternatively, hold this action in abeyance.

Dated: July 26, 2010             Respectfully submitted,

                                     TONY WEST
                                     Assistant Attorney General

                                     RONALD C. MACHEN JR.
                                     United States Attorney for the District of Columbia

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

_/s/_____
ADAM D. KIRSCHNER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C., 20044
Delivery Address
20 Massachusetts Ave., NW., Room 7126
Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANT