**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
KENNETH BERGE, ET. AL,            )
                                  )
              Plaintiffs,         )     Civil Action No. 10-373 (RBW)
                                  )
vs.                               )
                                  )
UNITED STATES OF AMERICA, ET. AL, )
                                  )
              Defendant.          )
_____)

**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**PRODUCTION OF THE ADMINISTRATIVE RECORD**

On the basis of the case-law plaintiffs emphasize in support of their motion to compel production of the administrative record, plaintiffs' motion should be denied. Plaintiffs place in bold, *inter alia*, that an agency should provide access to materials that comprise the administrative record of "**whatever action is then being subject to judicial scrutiny**." *See* Plaintiffs' Statement of Points and Authorities in Support of Plaintiffs' Motion to Compel Production of the Administrative Record at 7 ("Pls. AR Mem.") (quoting *Stainback v. Winter*, 520 F.Supp.2d 181, 185 (D.D.C. 2007)). At this time, there is no administrative record to provide of the action that is being subject to judicial scrutiny.

Plaintiffs have brought this action challenging the Department of Defense's ("DoD's") contractor's denial of reimbursement under a DoD basic medical services program for Applied Behavior Analysis ("ABA") for their dependent's autism. The TRICARE Management Activity ("TMA") within DoD that administers this basic medical services program has reopened the plaintiffs' adjudication to make a determination as to whether ABA is covered under its Basic Program and whether plaintiffs are entitled to reimbursement. *See* TMA Reopening of the

Denial of Z.B.'s ABA Claim, June 22, 2010, attached as Attachment B to Defendants' Memorandum in Support of Their Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance (Dkt. #12-2).  The TMA Appeals Office intends to act expeditiously on making a determination on plaintiffs' claim for reimbursement, as it consults TMA's Medical Benefits and Reimbursements Branch and TMA's Medical Director and considers any evidence the plaintiffs wish to submit.  *See id.* (anticipating a decision no later than September 20, 2010).  Given that there has been no decision on plaintiffs' claim for reimbursement, there is no administrative record to produce.  If a decision is made that is the subject of judicial scrutiny, defendants will produce a complete administrative record.  But, in the meantime, the record is sparse, consisting of plaintiffs' claims for reimbursement, the original denials, and the decision to reopen the initial determination.  For these reasons, defendants have moved to dismiss for lack of final agency action or, alternatively, to hold this action in abeyance pending conclusion of TMA's consideration of the adjudication of plaintiffs' claim.  *See* Defendants' Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance (Dkt. #12).

There is no other action that is the subject of the judicial scrutiny.  In plaintiffs' motion to compel production of the administrative record, plaintiffs claim that they seek the record of a "secret, informal policy" determination made in 2001, that ABA is not covered under the Basic Program.  *See* Pls. AR Mem. at 6.  Defendants acknowledge, however, that TMA considered since 2001 that ABA was covered under its extended benefits program, Extended Care Health Option ("ECHO"), and, correspondingly, not covered under its Basic Program.[1]  *See* Defendants'

---

[1] "The TRICARE ECHO is essentially a supplemental program to the TRICARE Basic Program.  It does not provide acute care nor benefits available through the TRICARE Basic Program."  *See* 32 C.F.R. § 199.5(a)(1).

Unopposed Motion to Supplement the Record In Support of Defendants' Motion to Dismiss Or, In the Alternative, To Hold This Action in Abeyance ("Unopposed Motion to Supplement") (Dkt. #14) at 2. But that is not subject to judicial scrutiny and has no bearing on plaintiffs' claims, which is dependent on the ongoing determination being made by TMA. TMA has vacated any instruction to its contractors that ABA is not covered under its Basic Program as TMA considers the question of ABA coverage under the Basic Program. *See* Defendants' Unopposed Motion to Supplement, Exhibit 3. To the extent that TMA relies on any documentation from 2001 in making its decision on plaintiffs' claim for reimbursement, and that decision is subject to judicial scrutiny, then such documentation would ultimately be included in the administrative record. But it is premature at this time to compile an administrative record for a decision that has not yet happened.

In any event, even if plaintiffs were able to challenge the actions of 2001, an administrative record would be useless because defendants have already provided plaintiffs the relief they would be entitled to receive in such an action. *See Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985);[2] *see also* Defendants' Memorandum in Support of Their Motion to Dismiss Or, In the Alternative, to Hold This Action in Abeyance at 7; Defendants' Reply to Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, To Hold This Action In Abeyance (Dkt. #31) at 7-9. TMA is now attempting to

---

[2] "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id*.

make a determination through adjudication of plaintiffs' claim as to whether ABA is covered under the Basic Program, and conjunctively whether plaintiffs are entitled to reimbursement, with plaintiffs even having the opportunity to seek a hearing if their claim is denied. *See* TMA Reopening of the Denial of Z.B.'s ABA Claim, June 22, 2010, at 2-3.

To promote judicial economy and efficiency, defendants respectfully request that this Court grant their pending motion to dismiss or, alternatively, hold this action in abeyance, and, accordingly, deny this motion to compel production of an administrative record that has no bearing on this action.

Dated: July 26, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney for the District of Columbia

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

_/s/_____
ADAM D. KIRSCHNER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Ave., NW., Room 7126
Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANT