**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
KENNETH BERGE, ET. AL,          )
                                 )
             Plaintiffs,       )      Civil Action No. 10-373 (RBW)
                                 )
            vs.               )
                                 )
UNITED STATES OF AMERICA, ET. AL,  )
                                 )
            Defendant.     )
_____)

**OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO VACATE**

Plaintiffs seek to obtain relief without the first necessary step of this Court finding defendants liable and, in turn, have this Court order that a policy that does not exist be vacated. In seeking to vacate a "policy that [Applied Behavior Analysis ("ABA")] is not a covered health benefit under the Basic military health benefits program," plaintiffs exclusively quote, without any analysis, from the Administrative Procedure Act ("APA"):

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning of applicability of the terms of an agency action. The reviewing court shall... hold unlawful and set aside agency action, findings, and conclusions found to be... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law... in excess of statutory jurisdiction, authority, or limitations.

_See_ Plaintiffs' Memorandum in Support of Its Motion for Order, Based on Defendants' Declaration That It "Has Vacated Any Previous Instruction... That ABA is Not Covered Under the Basic Program," Embodying Defendants' Declaration Vacating Any Instruction or Policy that ABA is Not a Covered Health Benefit Under the Basic Military Health Benefits Program (quoting 5 U.S.C. § 706(2)(A) and (c)). But there has been no finding by this Court that any of defendants' actions are unlawful. Nor has there been any finding that any of defendants' actions

are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law... in excess of statutory jurisdiction, authority, or limitations."  The APA's available relief is premised on there being a finding of such unlawful action, *see id*., something which has not happened.

There has not even been any final agency action for this Court to review, let alone a policy to vacate.  *See* Defendants' Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance (Dkt. #12); Defendants' Reply to Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, To Hold This Action In Abeyance (Dkt. #31).  The TRICARE Management Activity ("TMA") within the Department of Defense ("DoD") that administers this Basic Program is seeking to make an informed decision of whether ABA is covered under the Basic Program through the adjudication of plaintiffs' claim.  *See* TMA Reopening of the Denial of Z.B.'s ABA Claim, June 22, 2010, attached as Attachment B to Defendants' Memorandum in Support of Their Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance (Dkt. #12-2).  TMA has already vacated any previous instruction it may have issued to its contractors that ABA is not covered under the Basic Program: **"Any prior instructions related to the coverage or non-coverage of ABA under the Basic Program are cancelled and are no longer operative."**  *See* Defendants' Unopposed Motion to Supplement the Record In Support of Defendants' Motion to Dismiss Or, In the Alternative, To Hold This Action in Abeyance, Exhibit 3 (Dkt. #14-3) (emphasis added).[1]  While the review of whether ABA is covered under the Basic Program is being completed, TMA instructed its

---

[1] TMA continues to cover ABA under its extended benefits program, Extended Care Health Option.  *See id*.

contractors that any "requests for authorization for ABA under the Basic Program should be held in abeyance pending completion of the review." *See id*. ("It is anticipated that this will be completed by September 20, 2010").

Further, the only relief available to plaintiffs is the relief that defendants have already provided by reopening the underlying questions in this litigation for further investigation and explanation. *See Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985); *see also* Defendants' Memorandum in Support of Their Motion to Dismiss Or, In the Alternative, to Hold This Action in Abeyance at 7; Defendants' Reply to Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, To Hold This Action In Abeyance at 7-9. TMA should be allowed to complete its review of whether ABA is covered under the Basic Program.

Plaintiffs' motion is without merit and should be denied. Instead, defendants' motion to dismiss for lack of final agency action should be granted or, at the very least, this action should be held in abeyance as TMA makes an informed decision.

Dated: July 30, 2010                                        Respectfully submitted,

                                                            TONY WEST
                                                            Assistant Attorney General

                                                            RONALD C. MACHEN JR.
                                                            United States Attorney for the District of Columbia

                                                            VINCENT M. GARVEY
                                                            Deputy Director, Federal Programs Branch

                                                            _/s/_____
                                                            ADAM D. KIRSCHNER
                                                            Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Ave., NW., Room 7126
Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANT