UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENNETH BERGE, ET. AL, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-373 (RBW) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR STAY OF FURTHER PROCEEDINGS
ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

As the government has stated in numerous filings, it is attempting to reach a reasoned determination through the administrative adjudication of plaintiffs' claim as to whether Applied Behavior Analysis ("ABA") is covered under the basic Department of Defense ("DoD") health plan administered by the TRICARE Management Activity ("TMA") within DoD. *See* Defendants' Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance and Memorandum in Support Thereto (Dkt. #12); Defendants' Unopposed Motion to Supplement the Record In Support of Defendants' Motion to Dismiss Or, In the Alternative, To Hold This Action in Abeyance (Dkt. #14) Defendants' Reply to Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, To Hold This Action In Abeyance (Dkt. #31). Until that occurs, there is no final agency action for this Court to review. *See id.*; *see also* See *Fund for Animals, Inc. v. U.S. Bureau of Land Management*, 460 F.3d 13, 18 (D.C. Cir. 2006) ("Whether there has been 'agency action' or 'final agency action' within the meaning of the [Administrative Procedure Act] are threshold requirements; if these requirements are not met,

the action is not reviewable").  Plaintiffs continue to ignore these points and insist that the government "should be required to address the merits of this dispute and to abandon their attempt to 'stay and delay' this litigation."  *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Stay of Further Proceedings on Plaintiffs' Motion for Summary Judgment ("Pls. Mem.").  But there are no merits to address nor is the government attempting to delay resolution of this case.  Rather, the government is in the process of giving the matters underlying this litigation "additional investigation and explanation."  *See Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985) (a "reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed" but should, when necessary, "remand to the agency for additional investigation or explanation")**.**

Plaintiffs' motion for summary judgment is based on the argument that ABA is not "special education" for purposes of 10 U.S.C. § 1079(a)(9), which statutorily excludes "special education" from coverage under the Basic Program.  *See* Plaintiffs' Motion for Summary Judgment (Dkt. #35).  But it is unknown at this time how TMA will address the "special education" question.[1]  It would be premature and a waste of judicial resources to decide a

---

[1] A determination that ABA is not "special education" would not resolve the question of whether ABA is covered under the Basic Program or whether plaintiffs are entitled to reimbursement for their dependent's ABA therapy.  Although plaintiffs insist that ABA is medically necessary, *see* Pls. Mem. at 2-3, there still needs to be such a determination by TMA based on reliable evidence before ABA can be covered under the Basic Program.  *See* 10 U.S.C. § 1079(a)(13); *see also* 32 C.F.R. § 199.2 (definitions of "medical," "medically or psychologically necessary," and "appropriate medical care").  And there needs to be a finding that ABA does not fall under other exclusions or limitations for coverage under the Basic Program.  *See* 32 C.F.R. § 199.4(g) (exclusions and limitations for coverage under the Basic Program).  Further, even if TMA finds that ABA is covered, there also needs to be an individualized assessment of whether "the provider is an authorized provider and whether the treatment is medically necessary for" the plaintiffs' dependent's particular condition.  *See* TMA Reopening of the Denial of Z.B.'s ABA Claim, June 22, 2010, attached as Attachment B to

question that may never have to be presented for judicial review. Accordingly, this Court should stay proceedings on plaintiffs' motion for summary judgment pending disposition of the government's motion to dismiss. Alternatively, should the Court deny the stay motion, the government respectfully requests to have 30 days from the date of such a denial to respond to plaintiffs' motion for summary judgment.[2]

Dated: August 16, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney for the District of Columbia

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

_/s/_____
ADAM D. KIRSCHNER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C., 20044
Delivery Address
20 Massachusetts Ave., NW., Room 7126

---

Defendants' Memorandum in Support of Their Motion to Dismiss Or, In the Alternative, to Hold This Action In Abeyance (Dkt. #12-2).

[2] Plaintiffs state that defendants do not mention in their stay motion that plaintiffs "have offered to grant a reasonable extension of time" for defendants to respond to plaintiffs' motion for summary judgment. *See* Pls. Mem. at 1. But plaintiffs do not identify what they consider "reasonable." In any event, plaintiffs' counsel agreed to defendants representing that plaintiffs opposed the motion; plaintiffs opposed both a stay and having any extension of time run from the disposition of the stay motion.

Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANTS